WILLIAMS, *Pet'r for Mandamus, versus* COUNTY COMMISSIONERS OF LINCOLN COUNTY.

In a public highway, located but not finally established, individuals can have no vested rights, however advantageous to them such a way might be.

The repeal of an Act, which authorized a course of proceedings by a public officer, invalidates the proceedings, if unfinished, at whatever stage they had arrived.

In like manner, the expiring of the time allowed by the Act for finishing the proceedings, takes away all power to pursue them further, though they had been duly commenced.

A writ of *mandamus* will not be granted, when a compliance with it will be nugatory in its effects.

PETITION FOR MANDAMUS.

RICE, J. — Mandamus lies to all inferior tribunals, magis-
trates and officers, and extends to all cases of neglect to per-
form a legal duty where there is no other adequate remedy.
It applies to judicial as well as ministerial acts. If the remedy
be judicial, the mandate will be to the officers to exercise their
official discretion or judgment, without any direction as to
the manner in which it shall be done. If it be ministerial
then the mandate will direct the specific act to be performed.
*Carpenter* v. *Co. Commissioners of Bristol Co.* 21 Pick. 258.

By an Act of the Legislature, approved Aug. 7, 1849, the
county commissioners of Lincoln county, were authorized
and empowered to lay out and establish a road over the tide
waters of the Sheepscot river, within certain designated limits.

At the September term of the court of county commis-
sioners for Lincoln county in 1849, the petitioners in this
case, presented a petition to said commissioners, praying them
to exercise the powers conferred by said Act, by laying out
and establishing a public highway over said tide waters.
After due notice and an examination of the route and a hear-
ing of the parties, the prayer of the petitioners was denied
by the commissioners. From this adjudication the petition-
ers, under the provisions of the Act approved Aug. 2, 1847,
appealed to the District Court, by which Court a committee
was appointed, which committee after due proceedings being
had, made a report reversing the judgment of the commis-
sioners in whole, and in favor of the petitioners. This re-
port was accepted by the District Court, and certified to the
court of county commissioners at their next regular term in
Sept. 1850, and entered of record, and continued until the
next regular term of said court in January, 1851, when the
commissioners made a report, locating said road and ordered
the same to be recorded. The proceedings on said original
petition were then, in conformity with the provisions of R.
S. c. 25, § 5, ordered to be continued, to the second next
regular session of said commissioners' court, which carried
the proceedings forward to the Sept. term of said Court, in

Williams, Petitioner, *v.* County Commissioners.

1851, since which time the commissioners have declined taking any further action in the premises.

Some action has been had on a petition for *certiorari*, by this Court, which so far as the present question is concerned is immaterial.*

This Court is now desired, by writ of mandamus, to direct the county commissioners to close the proceedings on the original petition and cause the same to be so entered of record.

Against granting this mandate, two objections are interposed. — *First*, that the petitioners have not such an interest in the road prayed for, as will induce this Court, under any circumstances, to grant the writ; and *second*, that the time has now expired within which the commissioners were authorized to act.

Upon the first objection we do not propose to comment, further than to remark, that this case is distinguishable from the case of *Sanger* v. *The County Commissioners of Kennebec*, 25 Maine, 291, cited by the Attorney for the State, and does not fall within the rule laid down by the Court in that case.

On the second point, it will be necessary to examine the statute of 1849, and see whether the county commissioners have authority to proceed, as desired by the petitioners. If they have not, the writ cannot be granted. The office of a writ of mandamus being to enforce the performance of official duty, the officer cannot be commanded to do that which it was not lawful for him to do without such command. *Gillespie* v. *Wood*, 4 Humph. 437.

The Act of Aug. 7, 1849, contains this proviso, " that the authority hereby granted shall not extend, or be in force beyond eighteen months from the time that this Act shall take effect," which was on the day of its approval.

* NOTE. — After the reversal, in the District Court, of the county commissioners' adjudication, and a certificate of the same to the court of county commissioners, the proprietors of the Wiscasset Bridge, under the direction of the County Attorney, and for the county, applied to this Court, at its Sept. term, 1850, for a writ of *certiorari*, with a view to quash the proceedings which had then been had in relation to the highway. The writ, however, was not granted.

The Act would therefore expire by limitation on the 7th day of February, 1851. At that time the road had been located by the county commissioners, under the order from the District Court, and the report of that location had been duly ordered to be entered of record. But the proceedings were not then finally closed. The road, though laid out, had not then been established.

By the provisions of law those proceedings were necessarily continued, until the second next regular term of said commissioners' court, which was to be held in Sept. 1851, to allow time for those aggrieved by the decision of the commissioners in estimating damages, to present their petitions for redress. This carried the whole matter many months beyond the point of time, at which the Act of 1849 expired by limitation.

It is, however, contended that by the location of the road, within the time limited in the Act of 1849, the petitioner acquired a vested right in the way thus located, and that a duty was thereby imposed upon the commissioners to perform all such further acts as were necessary to establish the way and enable the petitioner to enter into the full enjoyment of the rights supposed thus to be vested in them.

When the Act of August, 1849, expired by limitation, very important contingent rights were undetermined. Those who were damaged by the location of the road were entitled to petition for increase of damages, and to have that question settled by a committee or a jury, and the commissioners in the contingency of an increase of damages were to determine according to the provisions of § 21, c. 25, R. S., whether the road should be laid out subject to such high damages, and if in their judgment it should not be, it would be their duty to enter upon the record of the proceedings, under the original petition, a judgment that the prayer of the said original petition shall not be granted for the reason aforesaid. This requires the exercise of judicial discretion. And it is not an answer to say that no claims for increase of damages were presented, for those claims may have been withheld for the

reason that there was no power under the Act to obtain their allowance.

Thus it will be seen that at the time the Act of 1849 expired, the road prayed for had not been established. No final action had been, or could have been had by the commissioners. All the rights then acquired by the petitioner were only inchoate, not vested. Their position was certainly no better than it would have been if the Act had originally contained no limitation, but had been repealed without any saving clause, on the day on which it expired by limitation. In that contingency all the proceedings which had not been completed, under the Act, would have fallen with the repeal. *Butler* v. *Palmer*, 1 Hill, 324; *Commissioners of Somerset County, petitioners*, 30 Maine, 221.

After the seventh day of February, 1851, the commissioners ceased to have any jurisdiction over the subject matter of the petition, and any further action on their part would have been wholly void. Such being the case, the writ now prayed for, if granted, would be unavailing, and is therefore denied.

SHEPLEY, C. J., and WELLS, HOWARD and HATHAWAY, J. J., concurred.

*H. C. Lowell*, Att'y to the relators.

*Tallman*, Att'y General, for the respondents.