### Alfred Tivey, Treasurer, &c., v. The People on the relation of Townsend North.

Where an act of the Legislature appropriated highway taxes collected in a certain town, among others, to a special purpose, and appointed commissioners to disburse the same, but before the taxes had been paid over, though after legal proceedings commenced by the commissioners to compel the payment, the act was amended by striking out all that related to such town, and the amendatory act contained no saving of rights accrued or proceedings commenced;—*Held*, that the right, under the original act, to the moneys collected in such town, was thereby terminated.

*Heard April 26th, 27th & 28th. Decided May 4th.*

TIVEY v. THE PEOPLE.

Error to Tuscola Circuit.

February 10th, 1855, an act was passed by the Legislature, providing that, for the purpose of improving a highway from Lower Saginaw to the village of Vassar, in Tuscola county, and from thence to some point to be selected near the center of town ten north of range eight east, with branches to the village of Goodrich, and to the village of Lapeer, all the non-resident highway taxes which should be assessed within the limits of the surveyed townships, through or into which such highway should pass, excepting the south half of the township of Tuscola and certain other specified territory, be appropriated for the period of five years; that Townsend North, and three other persons named, be appointed commissioners to superintend the expenditure of the moneys for such road; that the same be expended within the limits of the county in which it may have been collected, and that any overseer of highways or township treasurer having received any portion of such tax, by way of commutation, should, on demand by such commissioners, or either of them, pay the same over, and the receipt of such commissioners, or of either of them, should release such overseer or treasurer from any further liabilities therefor.

May 28th, 1857, North applied to the Circuit Court for the county of Tuscola, for a mandamus, to compel the plaintiff in error, who was township treasurer of Tuscola township, to pay over to him the non-resident highway taxes received by plaintiff in error, from the north half of said township, for the years 1855 and 1856, alleging that some had been paid, which plaintiff in error refused to pay over on demand.

An alternative mandamus having been issued, plaintiff in error showed cause on the return day thereof; and an issue of fact having been joined on the return, the parties proceeded to a trial of that issue March 9th, 1859.

Before this trial, on February 9th, 1859, the Legisla-

ture passed another act, which was ordered to take immediate effect, and which amended the act of 1855 by excepting therefrom the township of Tuscola, and repealing all acts and parts of acts "which contravene or are inconsistent with" the act as amended. And plaintiff in error insisted, among other defenses, that the passage of this act terminated all right on the part of the commissioners to demand and receive from him the moneys in controversy. And a peremptory mandamus having been awarded in the court below, as prayed, he now brought error.

*D. Walker*, for plaintiff in error.

*T. J. Wheeler*, and *T. W. Lockwood*, for defendant in error.

CHRISTIANCY J.:

The non-resident highway taxes which the township treasurer was, by the mandamus, commanded to pay over to the relator, were not raised by virtue of the act of February 10th, 1855, but were assessed and collected under the general highway tax law; and this general law, but for the act of 1855, required the money to be expended in the several road districts, in which and for which it was raised. The act of 1855 undertook to divert the tax, after it should be collected, from the purposes for which it was assessed, and to authorize its expenditure in any part of the county upon the particular road described in the act, by commissioners "whose duty it shall be to superintend the expenditure of such sum of money."

The act does not assume to operate upon the taxes till actually collected and in the hands of the township treasurer, or the overseers of highways; but when so collected, authorizes the commissioners to demand it, and requires the treasurer and the overseers, in whose hands it may be, to pay it over to the commissioners, for the purposes of the act. The commissioners are not authorized to make contracts on the faith of the money before received

by them, but merely to superintend its expenditure, after they have received it.

Admitting, for the purposes of this case (without intending to affirm) the constitutional validity of this very questionable legislation, and admitting also the right of the relator alone, as one of the commissioners, while this act remained in force, to call for this money, and to institute this proceeding, still it is manifest that both his right to demand, and the duty of the treasurer to pay to him, this money, were created by the act of 1855, and rested upon that alone. Independent of this act, neither the right nor the duty had any existence.

The commissioner never obtained possession of the money: it still remains in the hands of the treasurer, who disputes his right: and while this dispute is in progress, and in course of litigation, the Legislature, by the act of 1859, amend the act of 1855, by striking out from that act the township in which the taxes in question were raised, and by repealing "all acts and parts of acts which contravene, or are inconsistent" with, the act of 1855, as amended, without any saving of rights accrued or suits commenced. If the money were now to be paid to the commissioners, they could expend no part of it in this township, where before they might, if they had seen fit, have expended the whole.

As the right of the commissioners, and the duty of the treasurer, were created by and entirely dependent upon the act, when that ceased to exist, the right and the duty expired with it. — See *Town of Guilford v. Supervisors of Chenango*, 3 *Kern.* 143; *Commonwealth v. Duane*, 1 *Binney*, 601; *Stoever v. Immal*, 1 *Watts*, 258; *Norris v. Crocker*, 13 *How.* 438; *Hampton v. Commonwealth*, 19 *Pa. St.* 329; *Williams v. County Commissioners*, 35 *Me.* 345; *Butler v. Palmer*, 1 *Hill*, 330; *Sedgwick on Const. and Stat. Law*, 129. This disposes of the case, and leaves us no apology for the discussion of the other questions relied upon by

the plaintiff in error. The judgment of the Circuit Court must be reversed.

The other Justices concurred.