### John B. Cummings *versus* Judah Chandler.

When a statute, upon which a penal action is founded, is repealed after the bringing of the suit, the action can no longer be sustained.

If the instructions of the District Judge upon one point be erroneous, but at the same time wholly immaterial, it can furnish no sufficient cause for sustaining exceptions.

Exceptions from the Western District Court, Goodenow J. presiding.

This is an action of debt brought on the 51st c. of the Rev. St. and the amended statute passed March 9, 1844.

There were two sets of counts, a copy of one of each set follows : — " For that the said Chandler, on the second day of April last past, at Portland aforesaid, knowingly did sell to T. & F. Cummings, a certain parcel or quantity, to wit, two casks of lime, manufactured within this State, in casks, each of which casks was less than seventeen inches in width between the chimes, contrary to the form of the statute in such case made and provided, whereby and by force of the statute, said Chandler hath forfeited for his said offence the sum of one dollar for each cask so sold as aforesaid. And an action hath accrued to the plaintiff to sue for and recover

the said sum of one dollar for each of said casks, amounting
in the whole to the sum of two dollars.

2.  " Also for that the said Chandler, on the second day of
April now last past, at Portland aforesaid, knowingly did sell to
T. & F. Cummings a certain parcel or quantity, to wit, two casks
of lime, manufactured within this State, in casks not made,
marked and branded, according to the provisions of the 51st
c. of the Rev. St. and an act amending the 9th section of
said chapter, approved March 9, 1844, contrary to the form
of the statute, in such case made and provided ; whereby
and by force of the statute, the said Chandler hath forfeited for
his said offence the sum of one dollar for each cask so sold
as aforesaid ; and an action hath accrued to the plaintiff to
sue for and recover the said sum of one dollar for each of
said casks, amounting in the whole to the sum of two dollars."

The writ was dated Feb. 16, 1846.  The general issue was
pleaded.

The plaintiff offered evidence tending to prove, that the
defendant had sold thirty-four casks of lime not seventeen
inches between the chimes, and not made, marked and brand-
ed according to the provisions of law, knowing the same to be
less than seventeen inches between the chimes, and not made,
marked and branded as the statute required.

The defendant relied on the statute passed the 10th day of
August, 1846, and contended, that said statute having repeal-
ed the ninth section of chap. 51, and the act amending said
section, approved March 9, 1844, without any saving clause
of penalties incurred, or of actions commenced for the recov-
ery of such penalties, that the plaintiff could not maintain said
action ; and requested the Judge so to instruct the jury.

But the Judge instructed the jury, that notwithstanding the
act of August 10, 1846, by which the 9th section of chap. 51
and the act amending the ninth section of said act, chap. 51,
were repealed without any saving clause, that the action could
be maintained, if the jury were satisfied from the evidence,
that said casks were not seventeen inches between the chimes

and were not made, marked and branded as required by said act, chap. 51, and that the defendant sold said casks of lime knowing them to be thus deficient.

The jury returned a verdict for the plaintiff, and the defendant filed exceptions to the rulings and instructions of the Judge.

*Deblois*, for the defendant, said that this suit for penalties was founded on the ninth and twelfth sections of Rev. Stat. c. 51, and the Stat. 1844, c. 98. When this case was tried, neither the ninth or twelfth sections of statute c. 51, nor the statute of 1844, were in force. They were repealed by the statute of 1846, c. 213. The repealing act contains no saving clause for suits commenced or penalties incurred. The subject matter is re-enacted in the repealing act, with changes, and this operates also as a repeal of the former provisions. 12 Mass. R. 545; 4 Burr. 2026; 1 Leach's Cases, 23; 12 Mass. R. 23; 10 Mass. R. 39; 1 Stewart, 506; 5 Pick. 168; 3 Greenl. 22; 4 Wash. C. C. R. 691; 5 Mass. R. 380; 2 Dana, 330; 4 Yeates, 392; 5 Rand, 657.

A penalty to a prosecutor, is not a vested right, and equitable constructions are never extended to penal statutes, or mere arbitrary regulations of public policy. 4 Mass. R. 473; 18 Maine R. 109; 1 Gallison, 177.

After the repeal of the law creating the offence, no penalty can be enforced for violations of its provisions. 5 Cranch, 281; 1 Cranch, 110; 1 N. H. Rep. 61; 11 Pick. 350; 10 Pick. 37; 21 Pick. 374.

*McCobb* and *Barnes*, for the plaintiff, contended that the right of action was not taken away by the repeal of the statute.

This is not a *qui tam* action, as the government has no part of the penalty. The right was vested by the bringing of the suit before the repeal, and the legislature had no power to take it away. 4 Burrow, 2460; 7 Johns. R. 477; 5 Law Rep. 293 and 460.

The first set of counts are founded on the ninth section, and that section only is repealed. The second set of counts are

upon the seventh and tenth sections for selling lime, when the casks containing it were not branded and marked, and those are still in force. Under the instructions of the Judge, at the trial, the jury must necessarily have found, that the casks sold were neither made, marked nor branded according to law. They, therefore, found for the plaintiffs the facts necessary to support the action on both sets of counts. The instructions of the Judge relative to these last counts were unquestionably correct, and we are entitled to judgment on them.

*S. Fessenden*, for the defendant, replied.

The opinion of the Court was drawn up by

Whitman C. J. — This is an action of debt, instituted to recover certain penalties, supposed to have been incurred under the Rev. Stat. ch. 51, and an act passed in 1844, in amendment thereof. The declaration contains two sets of counts ; the first for selling lime, contained in casks not seventeen inches in width between the chimes ; the second set, for selling lime in casks not made, marked and branded according to the requirements contained in said statutes. After the action was commenced, and while it was pending in Court, an act was passed (ch. 213 of 1846,) repealing § 9 of the c. 51 ; and also the amendatory act of 1844. And now the defendant contends, that the action cannot be maintained, because, as he supposes, § 9 alone prescribed the offences set forth in the declaration. To this it is replied, first, that the right to the forfeiture had vested in the plaintiff upon his bringing his action therefor, before the repealing act was passed ; and, therefore, that it was not competent for 'the Legislature to deprive him of the same, by a posterior act ; and, secondly, that § 10 of said ch. 51, remains unrepealed ; and provides, that each lime cask, shall be branded on the outside of the bilge, with the initial of the christian, and the whole of the surname, of the manufacturer thereof ; and the second set of counts, being for selling casks, containing lime, not made, marked and branded, are within its terms.

As to the first ground, relied upon by the plaintiff to obviate the effect of the repealing act, he relies, with much apparent confidence, upon the principles which governed the courts in the decisions of *Couch, qui tam,* v. *Jeffries,* 4 Burr. 2460, and *Dash* v. *Van Kleeck,* 7 Johns. R. 477. These cases, however, upon examination will not be found, at all points, parallel with the one before us. In neither of those cases was there a direct repeal of the provisions upon which the actions were respectively founded. In the first, which was for not paying the stamp duties upon an indenture of apprenticeship, and the defendant after verdict against him therefor, paid to the proper officer the duty, relying upon a law enacted after the action was instituted, that such delinquents, on paying the duty within a certain time, should be discharged from the penalty, the court held the act to be prospective, and that it could not affect actions in which the defendant had no day in Court to interpose such a defence. In the latter case, a sheriff was sued by a creditor, and for an escape of his debtor, who had given bonds for the liberties of the jail, which was a security only to the sheriff; and afterwards an act was passed declaratory of the law, to the effect, that such actions should not be brought against the sheriff, but, that bonds, so taken by him, should be assigned to the creditors, upon which they might seek their remedies. The Court held the act to be prospective; and that it did not interfere with the right of the plaintiff, which was considered as previously vested.

But the authorities cited by the defendant's counsel are abundant to show, that where a penal action, as the one before us undoubtedly is, the penalty being given to any one who may sue for the same, is founded on a statute repealed after action brought, it takes away the foundation upon which the superstructure is based; and this Court has often decided that actions so situated must fail to be sustained. A large number of actions, lately pending for penalties, which had accrued under the militia law, were ruled to be no longer sustainable, when that law was abrogated.

But with regard to the other ground, relied upon by the plaintiff, our conclusion is different. The 10th section is clearly in force. From the finding of the jury, under the instruction of the Court, we must regard it as a fact, that the casks were not branded as required in that section. The instructions were as favorable to the defendant as he could properly claim to have had them. The jury were required, in order to a conviction, to find that the casks were not seventeen inches in width between the chimes, and were not made, marked and branded as required by that statute. They were not instructed that a deficiency in either particular would be sufficient to sustain the action, but that they must find them all, conjunctively, to be as alleged, before their verdict could be returned against the defendant. Hence, in finding the defendant guilty, they must be regarded as having found, that the casks were not branded as required in § 10 ; and, having so found, the defendant was not aggrieved by the instruction, and had no right to except thereto ; and the second set of counts may be sustained. The instruction, as applicable to the first set of counts, was erroneous, but were immaterial, and therefore can form no cause for sustaining the exceptions.

*Exceptions overruled*