JAMES M. RICE et al. *v.* O. P. WRIGHT et al.

1. STATUTE—ART. 17, P. 338, REV. CODE OF 1857—CONSTRUCTION.—Under this statute it is the province of the circuit court, on the trial of an ejectment suit, to determine whether the equity interposed by the defendant is sufficient to require the plaintiff to file a bill in chancery, to try the defendant's equitable title; and the true construction of the statute seems to be that, upon the interposition of an equitable defense, the suit is not to be dismissed, but is only stayed until such equitable title is tried, and if it be found not to be superior to plaintiff's legal title, the ejectment will proceed.

2. SAME—CASE UNDER CONSIDERATION.—In this case the circuit court having determined the question of the equitable defense, and in the judgment of this court properly, its judgment will not be reversed, both on that ground, and because the statute above referred to has been repealed.

3. SAME—REPEAL OF STATUTE.—The repeal of a statute which confers jurisdiction, causes all proceedings under it, pending at the time of its repeal, to fall to the ground, and the repeal of art. 17, p. 338, Code of 1857, deprived the circuit court of the jurisdiction to entertain equitable defenses, in pending actions of ejectment.

4. SAME—CRITICISM OF THE COURT UPON THE STATUTE.—The court considers the statute referred to anomalous, productive of derangement in the established and natural order of proceedings in controversies, between holders of legal and equitable titles, as introducing difficulty; and without apparent reason for its enactment.

ERROR to the circuit court of Hinds county, 1st district. BROWN, J.

In the trial of this case there was evidence of the payment of the debt, for the security of which the deed of

trust mentioned was executed. There was also evidence tending to contradict this. The case was tried in the circuit court, before the adoption of the Rev. Code of 1871, which repealed art. 17, p. 338, Rev. Code of 1857. The other features of this case are plainly exhibited in the opinion of the court.

*Yerger & Nugent,* for plaintiffs in error.

*Shelton & Shelton,* for defendants in error.

PEYTON, C. J. :

This was an action of ejectment, brought by the defendants in error, in the circuit court of Hinds county, against James M. Rice, to recover a certain lot of land therein described, situated in the city of Jackson. To this action the plaintiffs in error appeared and pleaded the general issue, not guilty, upon which the parties waived a trial by jury, and submitted the cause to the decision of the court, which rendered judgment for the plaintiffs below. And from that judgment the defendants below bring the case to this court by writ of error, and make the following assignments of error : 1st. The court erred in overruling the motion for new trial, made by the plaintiffs in error in the court below ; 2d. The court erred in rendering judgment in favor of the defendants in error ; 3d. The finding of the court below, and the judgment rendered, were contrary to the law and the evidence.

It appears, from the record in this case, that H. Hilzheim, P. Hilzheim and Antoinette Hilzheim, executed to Thomas Graves, as trustee, a deed of trust, to secure the payment of a debt of near $12,000, owing by the said H. & P. Hilzheim to Oliver Barrett, and that the lot in contest was sold under said deed of trust, by the said trustee, Thomas Graves, to the said Oliver Barrett, to whom the said trustee executed a deed of conveyance of the same, as the purchaser thereof, at said sale. And that the defendants in error claim title to the property in controversy, as heirs of the said Oliver

Barrett, deceased.   The plaintiffs in error set up, by way of
defense to the action, the payment of the debt of the said
Hilzheims to the said Barrett, and thereby claim to have a
superior title in equity to the property sued for in this
case.   The defendants in error had an undoubted right to
recover in this action, upon their legal title, unless it was
made to appear to the court, in the progress of the case, that
the defendant had a title which, in equity, would be regarded
as superior to the legal title of the plaintiffs in the action.   In
such case the statute provides that the plaintiffs shall not
recover, but they may file a bill in chancery, to try the
defendant's equitable title.   Rev. Code of 1857, p. 338, art.
17.   It is difficult to perceive any good reason for this pro-
vision of the statute.   It does not prevent a multiplicity of
suits, nor in any way lessen litigation.   It requires the party
having the legal title to go into equity, to test the equitable
title of the defendant, instead of requiring the defendant to
resort to equity to establish his superior equitable title.   It
strangely changes the appropriate positions of the parties,
without any apparent reason for it.   Ordinarily, in the
action of ejectment, the plaintiff is entitled to recover upon
his legal title, and, if the defendant has a superior equity,
entitling him to call for the legal title, he is the proper party
to resort to a court of equity to establish his superior equi-
table title.   This is the well-known and established course
of proceeding, where the legal and equitable titles of the
different parties come in conflict, and there is no perceptible
sufficient reason for the change made by the statute in this
respect.

It is by no means easy to determine what evidence of an
equitable title in the defendant, under this provision of the
statute, would be sufficient to justify the court in arresting
the further progress in the action of ejectment, and forcing
the plaintiff into another forum for the purpose of ascer-
taining the strength of the defendant's title.   For we are to
presume, from the language of the act, that the ejectment
suit is not to be dismissed as soon as the defendant interposes

his equitable title, but is only stayed until the defendant's equitable title is tried, and, if it be found that he has no superior title in equity, the action of ejectment will then proceed to final judgment.

It was, undoubtedly, the province of the court to determine whether the equity interposed by the defendant was sufficient to require the plaintiff to file a bill in chancery to try the defendant's equitable title, and, having determined that question, we are not disposed to reverse the action of the court in that respect, for the reason that the judgment is right, and for the additional reason that this anomalous provision of the statute has been since repealed. It cannot be denied that the legislature possesses the power and has the right to take away by statute what has been given by statute, unless rights have vested under the law before its repeal. Railroad Company v. Kenton County Court, 12 B. Monr. 147. The repealing act divested no vested right, and was no more than a constitutional and legitimate exercise of legislative authority on the subject of remedies. Unless there is a saving clause in the repealing statute continuing the repealed law in force as to all pending proceedings and prosecutions, the repealed law must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded while it was an existing law. Upon this principle the repeal of a statute puts an end to all prosecutions under the statute repealed, and to all proceedings growing out of it pending at the time of the repeal. And this rule applies to all proceedings, whether civil or criminal, going on by virtue of a statute at the time of its repeal. So, if a statute confers jurisdiction in civil cases, and though suits may be instituted and be pending at the time of the repeal, the jurisdiction is gone, and with it the whole proceeding falls to the ground.

So in the case at bar, upon the repeal of the statute authorizing the court to take cognizance in an action of ejectment, of an equitable title, set up by the defendant, that jurisdiction is gone, and with it such defense falls to the ground.

So the repeal of an act authorizing a course of proceeding by a public officer invalidates the proceedings, if unfinished, at whatever stage they had arrived. Thus, in Pennsylvania, where an act was passed authorizing the opening of a street in Pittsburgh, and providing for the assessment of damages, it was held, that the repeal of the act before the street was opened rendered void all proceedings taken, and that the parties in whose favor damages had been assessed could not recover the compensation reported in their favor. Stower v. Immell, 1 Watts, 258 ; Hampton v. Commonwealth, 7 Har. 329 ; Williams v. County Commissioners, 35 Me. 345 ; 1 Wash. C. C. 84 ; Commonwealth v. Duane, 1 Bin. 601, 608 ; Butler v. Palmer, 1 Hill, 324, and Sedgwick on Statutory and Constitutional Law, 130.

In this case, the plaintiffs in error, relying upon an equitable title, must resort to a court of equity to establish it, and cannot avail themselves of this defense in a court of law.

*The judgment must be affirmed.*