# CHARLESTOWN.

STATE FOR USE BOARD OF EDUCATION, &C., v. BROOKOVER et al.

Submitted June 15, 1883—Decided September 29, 1883.

In an action of debt brought on the official bond of a sheriff by consent an order was made under section 5 of chapter 138 of Acts of 1872–3, referring the case to a commissioner to audit and state an account and strike a balance between the plaintiff and defendants in the matter of difference between them; and while the case was before the commissioner, the facts of the case were all agreed in writing by the parties; and on this agreed state of facts the commissioner after the repeal of said law on March 14, 1881, by chapter 34, section 2 of the Acts of 1881, settled the account and made a report finding a specified sum due to the plaintiff. The defendants excepted to this report, and the court sustained the exceptions, and in its order proceeded thus : "And this court proceeding to make such finding, as the commissioner should have found upon the agreed facts filed before said commissioner, it is considered by the court, that the plaintiff take nothing by his bill, and that the defendants go thereof without day and recover against the plaintiff their costs about their defence in their behalf expended." HELD :

    I. The repeal of the law authorizing such a reference in such action revoked the authority of the commissioner to settle such account and report the result to the court; and the court by virtue of said law had no authority to act upon and sustain the exceptions to said report.    (p. 218.)

II. *Quære:* Could the court have acted upon exceptions to such a report as in a chancery suit, even had said law not been repealed? (p. 218.)

III. The court had no authority to decide this case upon the facts agreed before the commissioner, there having been no entry made of record submitting the same to the decision of the court on these "agreed facts." (p. 219.)

GREEN, JUDGE, furnishes the following statement of the case:

This was an action of debt brought in the circuit court of Wetzel county in the name of the State of West Virginia sueing for the use of the Board of Education of Proctor district in Wetzel county against A. P. Brookover and his sureties in his official bond as sheriff of Wetzel county. The declaration was in the usual form and alleged certain breaches of the condition of the bond not necessary to be stated. The defendants as a matter of form, I presume, demurred to the declaration. They alleged no grounds of demurrer in the court below, and I perceive none. The court below overruled the demurrer and the defendants pleaded conditions performed, and issue was joined on this plea. On October 23, 1879, the following order was entered by the court:

"By consent of the parties plaintiff and defendants this cause is referred to Lee R. Abbott as special commissioner, who shall, after giving the parties due notice of the time and place, proceed to audit and state an account and a balance strike between the plaintiff and defendants in the matters of difference between them, and the defendants have within fifty days to file in the papers of this cause an account of payment set-off against the plaintiff's demand, and the plaintiff has leave to file counter set-off ten days after defendants have filed their said set-off. The said commissioner shall sit at the court-house of Wetzel county while executing this order and shall hear all proper evidence produced by either party, and file with his report the evidence submitted to and taken by him."

On April 14, 1880, a consent-order was entered substituting W. J. W. Cowden as commissioner to execute this order in lieu of Lee R. Abbott. On August 6, 1880, the parties by their counsel signed and filed before this commis-

sioner, who was then engaged in executing this order of reference, " an agreement of facts to be read in evidence in lieu of testimony and other evidence in the trial of the case." The commissioner basing his report on this statement only and returning it with his report made a report on October 19, 1881, which report concludes as follows: "Your commissioner is therefore of opinion that the defendants are liable upon the bond sued on, and that the plaintiff should recover against them the sum of three hundred and six dollars and fifty-four cents with interest from August 31, 1876, on account of building-fund, and the sum of four hundred and eighty-nine dollars and thirty cents with interest from December 29, 1877, on account of teachers-fund with ten per cent. damages." Certain exceptions not necessary to be specified were filed by the defendants to this report; and on February 6, 1882, the court entered the following judgment:

"This day came the parties, by their attorneys, and the matters arising upon the exceptions to the report of Commissioner W. J. W. Cowden heretofore filed in this cause being duly considered, it seems to the court that the exceptions Nos. 1, 2 and 3 are well taken; therefore it is considered by the court that the said exceptions be sustained. And this court proceeding to make such finding as the commissioner should have found upon the agreed facts filed before the said commissioner, it is considered by the court that the plaintiff take nothing by its bill, and that the defendants go thereof without day and recover against the Board of Education of Proctor district their costs about their defence in their behalf expended."

To which judgment the plaintiff obtained a writ of error and *supersedeas* from this Court.

*W. S. Wiley* and *Ewing, Melvin & Riley* for plaintiff in error.

*J. W. McCoy, T. P. Jacobs* and *M. R. Crouse* for defendants in error.

GREEN, JUDGE:

The orders of reference in this case were made under section 5 of chapter 138 of Acts of 1872–3, passed November

25, 1873, and which were in force, when these orders were made in 1879 and 1880. (See Acts of 1872–1873 p. 459.) This section is as follows: "At law in any case, where it may be deemed necessary, the court may direct any such commissioner or other competent person, either before or at the time of trial, to audit, and strike balances, which commissioner or other person shall be allowed for such services the same pay, that would be allowed a commissioner for similar service to be taxed in the bill of costs." Before the passage of this act no order of reference to a commissioner or other person could have been made in any common law suit except only in the action of account, an action still in force in this State but obsolete. (See Code of W. Va. ch. 100 § 14 p. 541.) The character of the proceedings under such order of reference at common law is sufficiently stated in Minor's Institutes. He says: "The action of account is employed to adjust and settle *mutual accounts*, where there is *privity between the parties* either in *fact* as in case of partners or of bailiffs, and receivers &c., or *in law*, as in the case of guardians in socage and ward; and to *recover the balance* ascertained to be due. The settlement of the account is made by *auditors* appointed by the court, who however cannot determine even provincially any controverted matter of fact or of law, but must refer the same to the court to be decided, if a matter of *fact*, by the jury, and if a matter of *law*, by the judge, whereby the proceedings are intolerably protracted. 3 Bl. Com. 162–3; 1 Chit. Pl. 44; 3 Rob. Pr. (2d ed.) 410; Bac. Abr. Accompt. (A); 5 Th. Co. Lit. 346–7 N's. 15, 16 (P); *Godfrey* v. *Saunders*, 3 Wils. 94, 98. In practice the *bill in chancery* has quite superseded the action of account, being not only applicable whenever the *accounts are mutual* (although there be no *privity* between the parties) and in all equitable claims arising out of trusts, and, therefore, in a wider range of cases than the action at law, but being also a much more speedy and effective remedy. 3 Bl. Com. 163; Ad. Eq. 222; 1 Stor. Eq. 442 *et seq.*"

There are however cases, over which a court of equity has no jurisdiction, and in which nevertheless accounts are to be *audited and balances struck*, and which had to be done by a jury or the court in a common law suit unaided by a com-

missioner or auditors, and which it was very difficult to do accurately in such manner.    Hence no doubt the Legislature for remedy thereof passed on November 25, 1873, section 5 of chapter 138 of Acts of 1872–3, see p. 459.    This section however failed to state after such order of reference in a case at law, what effect the report of the commissioner was to have, when the same was made, or what proceedings were then to be had in the case.    This defect in the statutory law was probably the reason the law itself was repealed on March 14, 1881.    See Acts of 1881 ch. 34 § 2 p. 282.    This however was deemed an improper mode of correcting the evil, and at the very next session of the Legislature this law was again re-enacted, but it was added to and amended by the following words:    "Which account when thus stated shall be deemed *prima facie* correct, and may be given in evidence to the court or jury trying the case."

When the account in this case was settled and a report thereof made by the commissioner W. J. W. Cowden, this act of 1872–3 had been repealed, and it had not been re-enacted, and such too was the state of the law, when the circuit court of Wetzel rendered the final judgment, to which the writ of error and *supersedeas* was awarded, and which is now before us for review.    It is obvious therefore that the repeal of this law on March 14, 1881, deprived the commissioner W. J. W. Cowden of all authority to audit the accounts, strike a balance and report the same to the court; and that he should not have been allowed to file any report, nor should the court have acted upon it or on the exceptions to it.    To my mind it is very questionable even had this act not been then repealed, whether under its provision this action of the court would not have been irregular, and I incline to the opinion that it would; but it is unnecessary to decide this question; for, as it had been then repealed, it is obvious, that the court ought not to have acted on these exceptions to this report, or to have permitted the report to be filed at all, as the commissioner had no authority to make it at the time he did make it, October 19, 1881.

It is claimed however in the argument of the counsel for the defendants in error in this Court, that the judgment of the circuit court of Wetzel, rendered February 6, 1882, while

on its face it professes to be based on this report and the exceptions thereto, yet as it sustained the exceptions and overruled the report and then proceeded to "find upon the agreed facts filed before the commissioner," and upon these facts "it was considered by the court that the plaintiff take nothing by the bill, and that the defendants go thereof without day and recover against the Board of Education of Proctor district their costs about their defence in their behalf expended," it ought to be regarded as the judgment of the court rendered on "the facts agreed" by the parties; and if this judgment was a correct conclusion of law from the facts agreed, it ought to be affirmed by this Court. But we feel ourselves compelled not to look into or consider these facts agreed by the parties, and not to express any opinion upon the law or the rights of the parties as resulting from these "facts agreed," because we cannot consider this case as submitted to the court below by the parties on these facts agreed; and it not having been so submitted on the facts agreed, the judgment of the circuit court of Wetzel rendered on February 6, 1882, was a judgment rendered, when it had no authority to render any judgment either for the plaintiffs or for the defendants; and this being the case, this judgment for this reason must be reversed and annulled without regard to what may be the real merits of the case, when it is properly presented for decision.

It is true, that instead of a verdict the parties may agree to all the facts belonging to the case and refer the law arising thereupon to the court, who in such case pronounces the judgment without the intervention of a jury. But when this is done, the proper entry upon the record-book is: "This day came the parties by their attorneys, who waiving the issue to be tried by the country agreed upon a case to be argued in lieu of a special verdict in this case, in the words and figures following, to-wit (here insert it). And thereupon the matters of law arising therefrom being argued, it seems to the court upon the whole matter therein contained, that the law is for the defendants. Therefore it is considered by the court, that the plaintiff take nothing by his bill, but for his false clamor be in mercy, &c.; and that the said defendants go thereof without day and recover against the plaintiff his

costs by him about his defence in this behalf expended."
See Rob. Forms, old edition, p. 143.

Can this Court consider the entries in this case as the
equivalent of such an entry on the record? I think not.
First there is no entry "waiving the issue to be tried by the
country;" and in the second place there is no entry that "the
case argued is to be in lieu of a special verdict." Both of
these are important parts of the entries, which should appear
on the record. Without the first of them the case should
have been tried by a jury, and the jury should find a verdict
for the plaintiff for a certain amount, subject to the decision
of the court upon the questions of law involved—3 Blacks.
Com. 378. The second is also important, as it is stated in
Bouvier's Law Dictionary under head "cases stated" vol. 1, p.
244, referred to by the counsel for the defendants. "As no
writ of error lies on a judgment rendered on a case stated,
(Dane Abr. ch. 137, art. 4, § 7,) it is usual in the agreement
to insert a clause, that the case stated shall be considered in
the nature of a special verdict." There can be no doubt,
that this entry on the record would suffice instead of the
entry being set out in the case agreed; and if this entry ap-
peared only on the record, a writ of error would lie, though
it did not appear on the face of the case agreed. But in the
case before us it does not appear either on the face of the
agreement or by any entry on the record.

The truth would seem to be, that the parties in this case
never designed to agree upon a case to be submitted to the
court in lieu of a jury; but the court without any such agree-
ment and without the case being submitted to it in lieu of a
jury acted upon the report of the commissioner apparently
under the supposition, that this act of November 25, 1873,
(Acts of 1872–3, ch. 138, § 5, p. 459,) was still in force, when
in fact it had been repealed on March 14, 1881, nearly a
year before, and acting upon this law the court seemed to
think, it was legitimate for it to act on the exceptions to the
report and to enter up judgment such as was in its opinion
legitimate on the facts reported. The judgment, which it
entered, would have been entered, had the facts been re-
ported by the commissioner on evidence before him and not
on agreed facts. The case not having been submitted to the

court on an agreed state of facts, the court had no right to consider it, merely because an agreed state of facts had been returned by the commissioner with his report. The law having been repealed, the commissioner had no authority to make any report or to return any agreed state of facts, and the court had no authority to consider this report or this agreed state of facts improperly returned, or to enter up any judgment.

The judgment of the circuit court of Wetzel entered on February 6, 1882, must therefore be reversed and annulled; and the plaintiffs in error must recover of the defendants in error their costs in this Court expended; and this cause must be remanded to the circuit court of Wetzel with instructions to regard as nullities in the further proceedings the consent orders made October 23, 1879, April 14, 1880, and the report of W. J. W. Cowden commissioner, and further to proceed with this case according to the principles laid down in this opinion, and further according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.　　CAUSE REMANDED.