(No. 13171.—Writ dismissed.)

THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(CLARA OSTILLER, Admx.
Defendant in Error.)

*Opinion filed April 21, 1920.*

WORKMEN'S COMPENSATION—*writ of error is governed by law
in force when it is sued out.* The suing out of a writ of error is
the bringing of a new suit and is a part of the law of procedure,
to which there is no vested right, and hence an application for a
writ of error to review a judgment of the circuit court in a com-
pensation case after July 1, 1919, must be made within the time
allowed by section 19 of the Compensation act as amended in 1919,
although the judgment of the circuit court was entered before the
amendment took effect.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and WIL-
LIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL,
of counsel,) for plaintiff in error.

BUSCH, LEESMAN & ROEMER, (DAVID H. GREENBERG,
of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action instituted before the Industrial Com-
mission of Illinois by Clara Ostiller, administratrix of the
estate of her husband, Peter Ostiller, deceased, under the
provisions of the Workmen's Compensation act, for com-
pensation for the death of her husband while acting as a
police patrolman for the city of Chicago, it being claimed
that he came to his death by an injury suffered in the line
of his employment on June 12, 1918. On hearing before
the Industrial Commission the facts were largely stipulated
and the finding was in favor of the claimant. On review
in the circuit court of Cook county the award of the Indus-
trial Commission was affirmed June 10, 1919, the trial judge

on said date entering an order that the cause was one proper to be reviewed by this court, and the case was brought here at the February term, 1920, by writ of error.

Under section 19 of the Workmen's Compensation act in force at the time this order was entered in the circuit court, it was provided that the cause could be brought to this court by writ of error on the certificate of the trial judge that the cause was one proper to be reviewed in this court, (Hurd's Stat. 1917, p. 1462,) and this court in construing that statute has held that the writ of error, after that certificate was made, could be sued out of this court any time within three years. (*Western Electric Co.* v. *Industrial Com.* 285 Ill. 279.) Section 19 was amended by the last legislature, the amendment going into force July 1, 1919, so as to provide that the judgments and orders of the circuit court under the act "shall be reviewed only by the Supreme Court upon a writ of error which the Supreme Court in its discretion may order to issue, if applied for not later than the second day of the first term of the Supreme Court following the rendition of the circuit court judgment or order sought to be reviewed, provided," etc. (Laws of 1919, p. 548.)

It is argued by counsel for defendant in error that as this amendment had become effective before the suing out of this writ of error, the only way this cause could properly be brought here after July 1, 1919, was by applying to this court, under amended section 19, not later than our October term, 1919, and that as this application was not made until the February term, 1920, this court, under the statute, is without authority to review the case by writ of error. This court has always consistently held that the suing out of a writ of error is the bringing of a new suit. (*Freesen* v. *Scott County Drainage District*, 283 Ill. 536, and cases cited.) Counsel for defendant in error argue that this being a new suit is governed by the law relative to procedure and practice in force at the time the new suit was instituted.

This court has repeatedly held that the law is well settled that there can be no vested right in any particular remedy, method or procedure, and "that while the general rule is that statutes will not be so construed as to give them a retrospective operation unless it clearly appears that such was the legislative intention, still, when the change merely affects the remedy or the law of procedure, all rights of action will be enforcible under the new procedure, without regard to whether they accrued before or after such change in the law, and without regard to whether suit had been instituted or not, unless there is a saving clause as to existing litigation." (*Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579. To the same effect are *Dobbins* v. *First Nat. Bank,* 112 Ill. 553; *Winslow* v. *People,* 117 id. 152; *People* v. *Clark,* 283 id. 221, and cases cited.) There can be no question, under these authorities, that this amendment merely affected practice and procedure, and that as there is no vested right in practice and procedure, the writ of error after July 1, 1919, could only be sued out in accordance with the provisions of the statute as amended. This being so, clearly this court is without jurisdiction to hear this cause on a writ of error brought at the February term, 1920, several months after the law was amended providing that the only method by which the decision of the trial court could be reviewed in this court would be by writ of error or order of this court within the time limited.

Counsel for the defendant in error also argue that even though the claim of plaintiff in error as to following the former procedure were a vested right, the case could only be brought to this court after July 1, 1919, under the reasoning of the authorities already cited, particularly *Dobbins* v. *First Nat. Bank, supra,* not later than our October, 1919, term. In view of our holding that it is not a vested right it is unnecessary to decide this question.

The court being without jurisdiction to hear this case the writ will be dismissed.                    *Writ dismissed.*