*Debe confirmarse la sentencia apelada.*

THE TEXAS CO. (PORTO RICO) INC., peticionaria y apelante, *v.* LA COMISIÓN DE INDEMNIZACIONES A OBREROS, demandada y apelada.

No. 4720.—*Sometido:* Junio 19, 1929. *Resuelto:* Enero 23, 1930.

*O. B. Frazer* y *R. Castro Fernández,* abogados de la apelante; Hon. Attorney General ·*James R. Beverley* y *E. Aldrey,* Sub-Procurador, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de una apelación interpuesta contra sentencia de la corte de distrito de San Juan anulando un auto de

*certiorari.* La peticionaria se quejaba allí de la actuación de la Comisión de Indemnizaciones a Obreros al tratar a la peticionaria The Texas Co. como si fuera un patrono no asegurado, mientras que la peticionaria alegaba que los records de la Comisión de Indemnizaciones a Obreros dejaban de demostrar que era tal patrono no asegurado, y que por el contrario revelaban que dicha Texas Co. en realidad estaba asegurada. La Comisión concedió compensación a un obrero. La peticionaria apelante no se quejó en la corte inferior ni en este tribunal de la concesión hecha por la Comi-· sión, pero al acudir a las cortes se basó exclusivamente en su contención de que era un patrono asegurado. El resultado de tratar a la peticionaria como un patrono no asegurado la sometería, de acuerdo con el artículo 20 de la "Ley de Indemnizaciones por Accidentes del Trabajo," Leyes de 1925, página 943, a un procedimiento especial instado por el Procurador General y, tal vez, a gastos adicionales. En la petición se alegaba que la actuación de la Comisión de In demnizaciones a Obreros era enteramente nula e ineficaz y que dicha Comisión carecía en absoluto de jurisdicción para hacer la aludida concesión. Se solicitó remedio al amparo del artículo 28 de la citada ley, tal como fué enmendado, o de conformidad con la ley general de *certiorari.*

La Corte de Distrito de San Juan, siguiendo una opinión anterior emitida por el Juez Sr. Llauger, al anular el auto de *certiorari* resolvió que procedían ciertos remedios contra las resoluciones de la Comisión de Indemnizaciones a Obreros, pero que no procedía un *certiorari* para revisar la concesión hecha en este caso; que el remedio de *certiorari* autorizado por el artículo 28 de la ley no era aplicable y que la ley general de *certiorari* sólo permitía la revisión de actuaciones y procedimientos de las cortes (*courts*); que en Puerto Rico, el remedio de *certiorari* era puramente estatutorio y que no había autoridad alguna para la expedición de un *certiorari* en el caso de autos.

La apelante no sostiene en absoluto que tenga derecho al remedio de *certiorari* bajo ninguna ley que afecte las indemnizaciones a obreros. Su alegación surge de un proceso de exclusión. Asumiendo que no existe ningún procedimiento especial de *certiorari* bajo la Ley de Indemnizaciones por Accidentes del Trabajo, la peticionaria dice que no podía apelar, toda vez que no atacaba la compensación; que la Comisión de Indemnizaciones a Obreros es un organismo casi judicial cuyas decisiones deben ser revisables mediante *certiorari* cuando no procede la apelación.

La sección primera del estatuto que rige el derecho general de *certiorari* dice así:

"Sección 1. (Definición).—El auto de certiorari es un auto expedido por un tribunal (court) superior a otro inferior, por el cual se exige del último la remisión al primero, de una copia certificada de las diligencias pendientes en el tribunal (court) inferior o los autos de alguna causa ya terminada, en aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, y con objeto de terminar los procedimientos cuando el tribunal (court) inferior rehusare hacerlo fundado en bases erróneas."

Es evidente, según resolvió la corte inferior, que esta clase de autos es aplicable solamente para revisar las actuaciones de las cortes.

La apelante invoca los poderes inherentes de las cortes, pero cuando la legislatura se ha expresado en la forma que lo ha hecho bajo la ley general de *certiorari,* no hallamos en la misma justificación alguna para revisar actuaciones de juntas creadas por esa legislatura. La apelada hace la siguiente cita:

"Si una corte tiene jurisdicción de acuerdo con el derecho común, parecería que la autoridad para librar el auto en un caso adecuado es inherente. En la mayoría de los estados, sin embargo, la constitución o los estatutos expresamente o por necesaria inferencia autorizan a todas las cortes o a ciertas cortes a librar el auto. A menos que la autoridad sea inherente, o la jurisdicción sea expresa o implícitamente conferida por disposiciones constitucionales o estatu-

torias, no hay autoridad alguna para expedir el auto." 11 Corpus Juris, p. 139, pár. 105.

Las cortes de Puerto Rico no son cortes de derecho común.

Además, la apelante no nos convence de que no procedía una apelación para revisar la decisión querellada, de acuerdo con la sección 9 de la ley de 1925, Leyes de ese año, página 930. Lee como sigue:

"Artículo 9.—Se concederá al obrero o a sus beneficiarios o herederos el recurso de apelación contra la decisión de la Comisión de Indemnizaciones a Obreros para ante cualquier corte de distrito en aquellos casos de incapacidad parcial permanente, total permanente o de muerte. Asimismo el patrono puede apelar de cualquier decisión de la Comisión cuando la decisión de ésta fuere al efecto de que el accidente es uno por el cual se concede indemnización de acuerdo con esta Ley."

Parecería que en una apelación general se podría levantar la cuestión incidental.

De todos modos, si la junta carecía de jurisdicción, entonces la peticionaria debió tener otros medios de protección propia que no necesitamos sugerir.

*Nada hallamos en las leyes de Puerto Rico que autorice el certiorari solicitado, y debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Aldrey no intervino, y el Juez Asociado Sr. Hutchison está conforme con la sentencia.