Quintana Racing Park, Inc., demandante y apelante, *v.* Comisión Hípica Insular de Puerto Rico y sus miembros J. F. Richardson, Pedro J. Barbosa, E. Gatell, J. Dávila Ricci y E. Méndez, demandada y apelada.

No. 5926.—*Sometido:* Febrero 7, 1933. *Resuelto:* Abril 6, 1933.

*M. A. Martínez Dávila,* abogado de la apelante; *Diego O. Morrero,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La corporación Quintana Racing Park, Inc., presentó en la Corte de Distrito de San Juan en septiembre de 1931 una petición de *certiorari* contra la Comisión Hípica Insular alegando que dicha comisión impuso una multa de $200 a la corporación peticionaria por infracción del artículo 144 del reglamento de dicha comisión, según el cual los cuadros y papeletas utilizados para el juego llamado *pool* en los hipódromos deben ser conservados por sesenta días: que esa resolución fué objeto de un recurso de *injunction* cuya sentencia ha sido apelada: que después de haber sido declarado sin lugar ese *injunction* por la corte de distrito, la Comisión Hípica dictó otra resolución requiriendo a Quintana Racing Park, Inc., para que pague los $200 de multa en el término de cuarenta y ocho horas, apercibiéndola de que ·si no los

hacía efectivos le suspendería la licencia de su hipódromo: que la referida comisión no tiene poderes judiciales para hacer efectivo el cobro de la multa que impuso, por lo que tendrá que promover un procedimiento ante la Corte de Distrito de San Juan para cobrarla: y que al imponer esa multa actuaba la Comisión Hípica Insular constituída en tribunal para juzgar una supuesta infracción a su reglamento. La corte expidió el auto de *certiorari* solicitado pero después, a instancia de la Comisión Hípica Insular, lo dejó sin efecto; sentencia que motiva esta apelación interpuesta por la corporación.

Los motivos alegados por la parte apelante en apoyo de su recurso son dos: 1, que la corte inferior erró al declarar que la resolución dictada por la Comisión Hípica no es revisable por *certiorari;* y 2, que también erró al resolver que la comisión tenía facultades para dictar la orden de requerimiento de pago.

■■ La cuestión fundamental es si la orden de la Comisión Hípica de requerimiento de pago de la multa que había impuesto en resolución anterior es revisable por *certiorari* interpuesto contra dicha comisión.

La apelante admite que la Ley Hípica de 1927 con sus enmiendas de 1929, que estaba vigente cuando presentó su solicitud de *certiorari,* derogó expresamente la ley anterior de 1925 que concedía recurso de *certiorari* especial para anular o revisar cualquier acto legislativo o administrativo de la Comisión Hípica Insular, pero sostiene que no es ése el recurso de *certiorari* por ella interpuesto sino el clásico que concede la ley de 1904 (Estatutos Revisados 1349) autorizando auto de *certiorari* expedido por un tribunal superior a otro inferior, porque la resolución objeto de su recurso fué dictada actuando la Comisión Hípica en funciones cuasi judiciales, en cuyo caso dice ser procedente dicha clase de recurso.

La ley de 1904 sólo concede la expedición del auto de *certiorari* por un tribunal superior a otro inferior en asuntos de dicho tribunal, por lo que no siendo la Comisión Hípica

Insular un tribunal de justicia no estaba autorizada la Corte de Distrito de San Juan para librar dicho auto contra la Comisión Hípica Insular y procedió correctamente al dejar sin efecto el auto que había expedido. En el caso de *Texas Co., Inc.* v. *Comisión de Indemnizaciones a Obreros*, 40 D.P.R. 477, en el que se trataba de un recurso de *certiorari* clásico interpuesto contra resolución dictada por dicha comisión en funciones que se alegaban ser cuasi judiciales, este tribunal, después de copiar la definición de dicho auto según se halla en la ley de 1904, dijo que era evidente que esta clase de autos es aplicable solamente para revisar las actuaciones de las cortes y que si bien se invocaban los poderes inherentes de las cortes, cuando la Legislatura se ha expresado en la forma en que lo hizo en la ley general de *certiorari,* no hallaba justificación alguna en ella para revisar actuaciones de juntas creadas por la Legislatura, diciendo después que las cortes en Puerto Rico no son cortes de derecho común. Cuando existe estatuto regulando la expedición del auto de *certiorari* su expedición es procedente solamente de acuerdo con sus disposiciones y no son aplicables las reglas del derecho común. Así, en el caso de *Degge* v. *Hitchcock,* 35 App. (Dist. of Columbia) 226, se declaró que por no existir estatuto en el Distrito de Columbia regulando el auto de *certiorari* había que acudir a la ley común que lo autoriza contra cortes inferiores y contra tribunales especiales que ejercen funciones cuasi judiciales. Cuando la Legislatura ha querido que las resoluciones de comisiones o juntas sean revisables por las cortes mediante auto de *certiorari* lo ha dicho expresamente. Además, la resolución objeto de la petición de *certiorari* en este caso no fué dictada por la Comisión Hípica Insular en funciones cuasi judiciales sino administrativas o ejecutivas para cumplimiento de su resolución anterior. En verdad la resolución que tendría carácter cuasi judicial fué la anterior imponiendo la multa, que no ha sido objeto del *certiorari* sino de un recurso de *injunction.* Por otra parte, la licencia del hipódromo no ha sido suspendida pues lo que hace la resolu-

ción es apercibir con tomar tal decisión; y cuando se suspende tal licencia existe entonces recurso ordinario de apelación contra tal suspensión, según la sección 12 de la ley de 1927, no enmendada por la de 1929.

En vista de la conclusión a que llegamos es innecesario resolver el segundo motivo del recurso.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila están conformes con el resultado.