Isidoro Pagán González et al., Plaintiffs and Appellants, *v.* Industrial Commission of Puerto Rico, Defendant and Appellee.

No. 5658.  Argued June 23, 1933.—Decided July 11, 1933.

*Bolívar Pagán* for appellants.  *Charles E. Winter, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

On the 15th day of October, 1926, in Jayuya, Carmelo Pagán, who was under the protection of the Workmen's Compensation Act, suffered an accident while he was working for Joaquín Rodríguez and as a consequence he died. Within a month after the day of the accident a claim was made by the persons entitled to the Workmen's Relief Commission.

Under the act then in force (Act No. 102 of 1925, Session Laws, page 904), the injured workingman would have had a right to appeal within thirty days from the order or action of the said Workmen's Relief Commission.  This Commission was abolished and the Industrial Commission of Puerto

Rico was substituted by it on May 14, 1928 (Session Laws, page 630) and on the 25th of September, 1930, the said Commission, acting in substitution and subrogation of the former Workmen's Relief Commission denied the claim for the reason that the complainants were not dependent upon the said deceased workingman. The said Act of 1928 provided that the workman had a right to apply for a revision within ten days from the order of the commission. In this case no attempt was made to have a review within the said ten days but the complainants herein presented a complaint just as if they were operating under the superseded act.

The District Court of San Juan held that the new act substituted all the procedural matter in force in the old act, including the right of appeal and that the said district court did not acquire jurisdiction to revise.

On appeal to this court the appellants maintain that the accident took place while the former act was in force and that therefore he had a right of appeal under the said existing act. It is settled law, in the absence of any saving clause, that a new system of procedure or of appeal is substituted for an old system of procedure or appeal. The Attorney General cites various cases to this conclusion. The later act in fact said that the new act should not affect any case previously instituted, but this saving clause does not militate against a change in the procedure to be followed. It merely keeps alive a person's right to recover compensation or damages, as the case may be. *City of Chicago* v. *Industrial Commission*, 127 N. E. 46, 292 Ill. 409; *Independent Cotton Oil Co.* v. *Beacham*, 120 Pac. 969.

The Attorney General also presents a motion to dismiss the appeal, but the basis of the motion is practically the same question involved substantially.

The judgment appealed from should be affirmed.