ISIDORO PAGÁN GONZÁLEZ y CATALINA PAGÁN COLÓN, demandantes y apelantes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada y apelada.

No. 5658.—*Sometido:* Enero 23, 1933. *Resuelto:* Julio 11, 1933.

*Bolívar Pagán,* abogado de los apelantes; *Hon. Procurador General
Charles E. Winter* y *Felipe Janer, Subprocurador,* abogados de
la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 15 de octubre de 1926 y en Jayuya, Carmelo Pagán,
quien estaba cubierto por la Ley de Indemnizaciones a Obre-
ros, sufrió un accidente mientras trabajaba para Joaquín
Rodríguez y murió a consecuencia del mismo. Dentro de un
mes contado a partir del día en que ocurrió el accidente, las
personas con derecho a ello radicaron una reclamación ante
la Comisión de Indemnizaciones a Obreros.

De acuerdo con la ley entonces en vigor (Ley 102 de 1925,
Leyes de ese año, pág. 905), el obrero lesionado tenía derecho
a apelar, dentro de treinta días, de la orden o resolución de
la ameritada Comisión de Indemnizaciones a Obreros. Esta
comisión fué abolida y la Comisión Industrial de Puerto Rico
la substituyó en 14 de mayo de 1928 (Leyes de ese año, pág.
631), y en 25 de septiembre de 1930 dicha comisión, actuando
en substitución y subrogación de la anterior Comisión de
Indemnizaciones a Obreros, denegó la reclamación fundada
en que los peticionarios no dependían del ameritado obrero
fallecido. La aludida ley de 1928 proveía que el obrero tenía
derecho a solicitar, dentro de diez días, que se revisara la
orden de la comisión. En este caso no se hizo tentativa al-
guna de obtener la revisión del procedimiento dentro de
dichos diez días, mas los aquí demandantes presentaron una
demanda tal cual si estuviesen actuando de conformidad con
la ley anterior.

La Corte de Distrito de San Juan resolvió que la nueva
ley substituyó toda la materia procesal que regía de acuerdo
con la ley antigua, incluyendo el derecho de apelación, y que

dicha corte de distrito no adquirió jurisdicción para revisar el procedimiento.

■■■ En apelación para ante esta corte los apelantes sostienen que el accidente tuvo lugar mientras regía la ley anterior y que por ende tenían derecho a apelar de conformidad con la ameritada ley existente. Es ley establecida, en ausencia de cualquier cláusula en contrario (*saving clause*), que un nuevo sistema de procedimiento o de apelación substituye un sistema viejo de procedimiento o apelación. El Procurador General cita varios casos a este efecto. La ley más reciente en realidad dice que ella no afectará ningún caso previamente instituído, mas esta cláusula no milita contra un cambio en el procedimiento a seguir. Meramente deja en vigor el derecho de una persona a obtener compensación o daños y perjuicios, según sea el caso. *City of Chicago v. Industrial Commission,* 127 N. E. 46, 292 Ill. 409; *Independent Cotton Oil Co.* v. *Beachham,* 120 Pac. 969.

El Procurador General también presenta una moción para desestimar el recurso pero la base de esta moción es prácticamente la misma cuestión sustancialmente envuelta.

*La sentencia apelada debe ser confirmada.*