THE TEXAS COMPANY (P. R.) INC., peticionaria y apelante, *v.* RAFAEL SANCHO BONET, en su carácter de TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7603.—*Sometido:* Noviembre 10, 1937. *Resuelto:* Febrero 11, 1938.

*James R. Beverley, R. Castro Fernández y José López Baralt,* abogados de la apelante; *Hon. Procurador General B. Fernández García y Emilio de Aldrey, Subprocurador,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se trata de una solicitud de *injunction* declarada sin lugar por la corte de distrito.

Alegó substancialmente en ella la corporación demandante que era un patrono asegurado desde julio 15, 1925, en que de acuerdo con la Ley de Indemnizaciones por Accidentes del Trabajo enmendada por la núm. 61 de 1921 (pág. 477) presentó a la Comisión de Indemnizaciones a Obreros el estado correspondiente y el Tesorero de Puerto Rico le impuso y cobró contribución hasta el 15 de julio de 1926;

Que en febrero 12, 1926, fallecieron sus obreros Rodulfo Suárez, Isidro Villoch e Isidro Pérez a consecuencia de cierto accidente del trabajo que la Comisión investigó declarando en abril 24, 1928, que la demandante no era un patrono asegurado no obstante constar en sus records que lo era, con-

cediendo indemnizaciones de dos mil dólares para los dependientes de cada uno de los finados y ordenando al secretario administrativo que practicara las liquidaciones correspondientes y las enviara al Attorney General para que éste de acuerdo con el artículo 7 de la Ley núm. 102 de 1925 entonces en vigor (Leyes de 1925, pág. 905) obtuviera de la demandante el pago de las mismas;

Que en junio 2, 1928, la demandante radicó en la propia corte de distrito tres recursos de *certiorari* clásicos que la corte declaró sin lugar por falta de jurisdicción por sentencias de julio 23, 1928, en las cuales se ordenaba la devolución de los autos a la comisión para que continuara tramitándolos de acuerdo con la ley, cuyas sentencias fueron confirmadas por esta Corte Suprema. 40 D.P.R. 477;

Que desde abril 24, 1928, a septiembre 14, 1936, la comisión, ni su sucesora la Comisión Industrial, ni el Attorney General hicieron gestión alguna para el cobro de las indemnizaciones;

Que en septiembre 14, 1936, la Comisión Industrial dictó resolución y solicitó del tesorero demandado en el caso del finado Rodulfo Suárez que trabara embargo en bienes de la demandante para el cobro de la indemnización y el tesorero después de requerirla en octubre 27, 1936, le embargó un truck-tanque de su propiedad cuyo uso es indispensable para su negocio de venta y entrega de gasolina y le notificó que si en noviembre 6, 1936, no había satisfecho la indemnización más un dólar por costas, vendería en pública subasta el bien embargado, lo que produciría a la demandante graves daños y perjuicios irreparables, siendo la intención de la Comisión Industrial y del tesorero seguir igual procedimiento para el cobro de las otras indemnizaciones; y

Que tanto la solicitud de la Comisión Industrial al tesorero como el acto de éste son ilegales y abusivos por los siguientes fundamentos:

"(a) Porque las resoluciones de la Comisión de Indemnizaciones a Obreros de abril 24 de 1928 declarando a la peticionaria patrono no asegurado, son ilegales y nulas por aparecer de las mismas y de

los records ante dicha comisión que la peticionaria en la fecha del accidente era un patrono debidamente asegurado . . .

"(*b*) Porque aún suponiendo para los efectos de argumentación sola y exclusivamente que dichas resoluciones fuesen legales y válidas, de acuerdo con las mismas resoluciones y con el artículo 7 de la ley número 102 de 1925 (pág. 943) el procedimiento a seguir para el cobro de la indemnización concedida por un accidente a un obrero que trabajare para un patrono que no estuviese asegurado es comunicar la resolución al Attorney General de Puerto Rico 'para que entable contra dicho patrono en una corte de jurisdicción competente, la acción correspondiente para el cobro de dicha suma,' procedimiento que está obligada a seguir la actual Comisión Industrial de Puerto Rico y el Attorney General de Puerto Rico según disposición clara y terminante de la actual Ley de Compensaciones por Accidentes del Trabajo número 45 aprobada el 18 de abril de 1935 ((1) pág. 251), artículo 34, . . .

"(*c*) Porque la sección 36 de la Ley 85 de 1928 (pág. 631), a virtud de la cual trata de justificarse el tesorero demandado, se aplicaba sola y exclusivamente a accidentes del trabajo ocurridos después de su aprobación y mientras estuvo en vigor dicha ley la cual ha sido expresamente derogada por la Ley núm. 45 de 1935 . . .

"(*d*) Porque de acuerdo con el artículo 13 de la Ley 102 de 1925 (pág. 943), ley que estaba en vigor cuando sucedió el accidente antes mencionado, en caso de que la peticionaria hubiese dado informes falsos a la comisión en el estado que radicó el 15 de julio de 1925, lo que negamos enfáticamente, el único remedio de la comisión hubiese sido el de procesarla criminalmente y el de hacerla responsable por tres veces la diferencia entre la cuota pagada y la cantidad que debió haber pagado.

"(*e*) Porque las resoluciones de la Comisión de Indemnizaciones a Obreros de abril 24 de 1928 tienen el carácter de sentencias firmes y de acuerdo con el Código de Enjuiciamiento Civil de Puerto Rico ninguna sentencia puede ser ejecutada después de cinco años de haberse convertido en firme, cuyo término ha expirado con exceso en estos tres casos y ésta y sus sucesoras han sido negligentes (*laches*) en iniciar procedimiento para el cobro de las indemnizaciones concedidas por las mismas."

Alegó, por último, la demandante que no habiendo un remedio adecuado en ley, ya que no siendo el acto del tesorero demandado uno para el cobro de una contribución, no cabía

pagar bajo protesta, era el *injunction* el recurso procedente, solicitando en tal virtud su expedición de la corte.

Tramitado el caso de acuerdo con la ley, fué sometido finalmente a la consideración y resolución de la corte mediante la siguiente estipulación:

"(*a*) El demandado acepta los hechos esenciales de la petición, salvo las conclusiones de hecho o derecho que ésta pueda contener.

"(*b*) Así aceptados los hechos propuestos en la petición las partes someten a la corte el presente caso a base de las siguientes proposiciones de ley, la solución de las cuales entienden mutuamente resuelve el litigio:

"1. Sostiene el demandado que habiendo el Tribunal Supremo de Puerto Rico resuelto los casos de *certiorari* números 6986, 6987 y 6988 a que se hace referencia en el hecho siete de la petición, en contra de la peticionaria, no procede ahora la expedición del *injunction* solicitado.

"2. . . . que no habiendo la peticionaria hecho uso del remedio que le concedía el artículo 9 de la Ley núm. 102 de 1925 para revisar las resoluciones de la Comisión de Indemnizaciones a Obreros, no procede ahora la expedición de un auto de *injunction*.

"3. . . . que las resoluciones de la Comisión de Indemnizaciones a Obreros de abril 24 de 1928 relacionadas en la petición no tienen el carácter de sentencias. . . .

"4. . . . que el procedimiento adecuado, correcto y legal para el cobro de las indemnizaciones concedidas por la Comisión de Indemnizaciones a Obreros es el señalado por el artículo 25 de la Ley núm. 85 de 1928, y no como sostiene la peticionaria el que marca el artículo 7 de la Ley 102 de 1925.

"(*c*) A su vez la peticionaria sostiene la contraria de todas las proposiciones sostenidas por el demandado, como antes expuestas."

Por sentencia de julio 22, 1937 la corte declaró la demanda sin lugar. El último párrafo de la opinión en que fundó su sentencia, dice:

"De todas suertes, no creemos que el *injunction* sea el remedio adecuado para impedir el cobro de las cantidades acordadas, toda vez que ello equivaldría a impedir que funcionarios de la ley pusiesen en vigor un estatuto público para beneficio del público. Si la acción está o no prescrita, no es cosa que podemos resolver dentro de este recurso especial. . . ."

Pidió reconsideración de la sentencia la demandante y la corte declaró improcedente su petición. Apeló entonces para ante este tribunal.

En su alegato señala dos errores. Por el primero sostiene que la corte erró al declarar la demanda sin lugar. Por el segundo que erró al basar su sentencia en el fundamento consignado en el párrafo de su opinión que dejamos transcrito.

Como repetidamente en su alegato la parte apelante insiste en que la parte apelada admitió su condición de patrono asegurado y la ilegalidad de la resolución de la comisión cuya ejecución se pide que sea paralizada primero y dejada sin efecto finalmente a virtud del *injunction,* conviene aclarar que la existencia de tal situación es negada por la parte apelada en su alegato como sigue:

" . . . En nuestro caso la apelante jamás ha probado que no deba la cantidad que se le cobra, y por el contrario, existe una resolución oficial de la Comisión de Indemnizaciones a Obreros al efecto de que este patrono, por su condición de no asegurado, debe pagar las indemnizaciones acordadas a sus obreros lesionados.

"Alega también la apelante que comoquiera que por la estipulación de hechos radicada ante la corte inferior se admitieron como ciertos los hechos esenciales de la petición, debe entenderse por ello que el demandado admitió que las resoluciones dictadas por la Comisión de Indemnizaciones a Obreros el día 24 de abril de 1928, fueron contrarias a la expresa letra de la ley, y por consiguiente nulas e ineficaces. La letra (*a*) de dicha estipulación dice así:

" 'El demandado acepta los hechos esenciales de la petición, salvo las conclusiones de hecho o de derecho que ésta pueda contener.'

"Es indiscutible, que lo que está admitiendo el demandado en la referida estipulación, no es otra cosa que los hechos ocurridos y que dieron lugar a todo el procedimiento desde sus comienzos. Si la resolución de la Comisión de Indemnizaciones a Obreros era o no válida, no es una cuestión de hecho y sí una de derecho exclusivamente.

"Según puede claramente determinarse del contenido de la estipulación aludida, no puede llegarse a otro convencimiento que no sea el de que las partes querían discutir y someter a la corte inferior únicamente cuestiones de derecho a concretarse en las siguientes:" (*Se repiten las que constan de la estipulación.*)

Aunque el párrafo primero de la estipulación no resulta tan claro y concreto como debiera, es a nuestro juicio susceptible de la interpretación que le da la parte apelada, interpretación que lo hace consistente con su actitud ante la corte de distrito y ante esta Corte Suprema.

Despejado este punto, nos encontramos con una resolución dictada por la Comisión de Indemnizaciones a Obreros en abril 24, 1928, concediendo indemnización a las personas que dependían para su sostenimiento del obrero de la demandante fallecido, de la que debía responder la demandante por no ser según declaración de la comisión patrono asegurado.

¿Qué hizo la demandante al enterarse? Acudir a la Corte de Distrito de San Juan pidiéndole dentro de un recurso de *certiorari* que decretara su nulidad. La corte negó el auto por improcedente y la demandante apeló para ante este tribunal el que, por medio de su Juez Asociado Sr. Wolf, decidió la apelación como sigue:

"Se trata de una apelación interpuesta contra sentencia de la Corte de Distrito de San Juan anulando un auto de *certiorari*. La peticionaria se quejaba allí de la actuación de la Comisión de Indemnizaciones a Obreros al tratar a la peticionaria The Texas Co. como si fuera un patrono no asegurado, mientras que la peticionaria alegaba que los records de la Comisión de Indemnizaciones a Obreros dejaban de demostrar que era tal patrono no asegurado, y que por el contrario revelaban que dicha Texas Co. en realidad estaba asegurada. La Comisión concedió compensación a un obrero. La peticionaria apelante no se quejó en la corte inferior ni en este tribunal de la concesión hecha por la Comisión, pero al acudir a las cortes se basó exclusivamente en su contención de que era un patrono asegurado. El resultado de tratar a la peticionaria como un patrono no asegurado la sometería, de acuerdo con el artículo 20 de la 'Ley de Indemnizaciones por Accidentes del Trabajo,' Leyes de 1925, página 943, a un procedimiento especial instado por el Procurador General y, tal vez, a gastos adicionales. En la petición se alegaba que la actuación de la Comisión de Indemnizaciones a Obreros era enteramente nula e ineficaz y que dicha Comisión carecía en absoluto de jurisdicción para hacer la aludida concesión. Se solicitó

remedio al amparo del artículo 28 de la citada ley, tal como fué enmendado, o de conformidad con la ley general de *certiorari*.

"  .     .     .     .     .     .     .     .     .

"La apelante no sostiene en absoluto que tenga derecho al remedio de *certiorari* bajo ninguna ley que afecte las indemnizaciones a obreros. Su alegación surge de un proceso de exclusión. Asumiendo que no existe ningún procedimiento especial de *certiorari* bajo la Ley de Indemnizaciones por Accidentes del Trabajo, la peticionaria dice que no podía apelar, toda vez que no atacaba la compensación; que la Comisión de Indemnizaciones a Obreros es un organismo casi judicial cuyas decisiones deben ser revisables mediante *certiorari* cuando no procede la apelación.

"La sección primera del estatuto que rige el derecho general de *certiorari* dice así: (*Se copia*)

"Es evidente, según resolvió la corte inferior, que esta clase de autos es aplicable solamente para revisar las actuaciones de las cortes.

"La apelante invoca los poderes inherentes de las cortes, pero cuando la legislatura se ha expresado en la forma que lo ha hecho bajo la ley general de *certiorari,* no hallamos en la misma justificación alguna para revisar actuaciones de juntas creadas por esa legislatura.

"  .     .     .     .     .     .     .     .     .

"Además, la apelante no nos convence de que no procedía una apelación para revisar la decisión querellada, de acuerdo con la sección 9 de la Ley de 1925, Leyes de ese año, página 930. Lee como sigue:

" 'Artículo 9.—Se concederá al obrero o a sus beneficiarios o herederos el recurso de apelación contra la decisión de la Comisión de Indemnizaciones a Obreros para ante cualquier corte de distrito en aquellos casos de incapacidad parcial permanente, total permanente o de muerte. Asimismo el patrono puede apelar de cualquier decisión de la Comisión cuando la decisión de ésta fuere al efecto de que el accidente es uno por el cual se concede indemnización de acuerdo con esta Ley.'

"Parecería que en una apelación general se podría levantar la cuestión incidental.

"De todos modos, si la junta carecía de jurisdicción, entonces la peticionaria debió tener otros medios de protección propia que no necesitamos sugerir.

"Nada hallamos en las leyes de Puerto Rico que autorice el *certiorari* solicitado, y debe confirmarse la sentencia apelada." (*Texas*

*Co. (P. R.) Inc.* v. *Comisión de Indemnizaciones a Obreros,* 40 D.P.R. 477.)

Ningún otro recurso fué ejercitado por la demandante y la resolución quedó en pie, sin que se necesite hacer esfuerzo alguno para concluir que después de los años transcurridos no está en condiciones de hacer ahora por medio de un *injunction* lo que no hizo a su debido tiempo por los medios que la ley puso a su alcance.

Insiste la demandante en que de acuerdo con la ley actualmente en vigor a todo lo más que habría lugar sería a remitir el asunto al Attorney General para que iniciara el pleito correspondiente en el que ella tendría derecho a alegar y probar que no le correspondía pagar la indemnización por ser un patrono asegurado. Invoca al efecto el artículo 34 de la Ley núm. 45 de abril 18, 1935 ( (1) pág. 251), sobre la materia, que prescribe:

"Artículo 34.—Las disposiciones de esta Ley no afectarán en forma alguna los litigios o reclamaciones pendientes en relación con las indemnizaciones a obreros a virtud de leyes anteriores. Tales litigios o reclamaciones se tramitarán, hasta su terminación, de acuerdo con las leyes vigentes a la fecha•de la ocurrencia del accidente y el obrero tendrá derecho a la cantidad de dinero que por tales leyes se prescriben."

A primera vista no carece de fuerza la contención de la apelante pero si se fija la atención en lo que últimamente dispone el artículo a saber "y el obrero tendrá derecho a la cantidad de dinero que por tales leyes se prescriben," se verá que el propósito de la ley no fué otro, como sostiene la parte apelada, que el de salvaguardar los derechos de los obreros en cuanto a la indemnización se refiere y no el de ir en contra de la bien sentada regla de que las leyes de procedimiento se aplican inmediatamente.

"Es un principio de derecho español, reconocido por la jurisprudencia de los más altos tribunales de la Unión," dijo esta corte en *American Railroad Co. of P. R.* v. *Hernández,* 8 D.P.R. 516, 520, "que las leyes que regulan la jurisdicción

y el procedimiento son de interés público, y tienen efecto retroactivo, o más bien, que no se las considera de carácter retroactivo, en tal sentido, que estén comprendidas dentro de las disposiciones del artículo 3 del Código Civil.''

Y como se dice en 59 Corpus Juris 1173, resumiendo la jurisprudencia, ''. . . La regla general de que los estatutos sólo se interpretarán prospectivamente (*prospectively*) y no retrospectiva o retroactivamente, de ordinario no es aplicable a estatutos que afectan el remedio o procedimiento, o, conforme se dice de otro modo, esa regla general está sujeta a una excepción cuando se trata de un estatuto relativo al remedio o procedimiento.''

Además, la ley se refiere a ''litigios y reclamaciones pendientes'' y ordena que ''tales litigios o reclamaciones se tramitarán, hasta su terminación, de acuerdo . . . .'' y este caso quedó terminado por la resolución de abril 24, 1928, que ahora solamente se trata de ejecutar.

El hecho de que en todo caso sea la Ley núm. 45 de 1935 ( (1) pág. 251) la que deba aplicarse y nunca la núm. 85 de 1928 (pág. 631), no tiene importancia porque de acuerdo con ambas procede el cobro por el tesorero como si se tratara de una contribución.

No creemos que asista tampoco la razón a la demandante cuando sostiene que teniendo la resolución de la comisión de abril 24, 1928, el carácter de una sentencia ordenando el pago de dinero y habiendo transcurrido más de cinco años desde que quedó firme no puede ejecutarse de acuerdo con lo dispuesto en el artículo 243 del Código de Enjuiciamiento Civil que prescribe:

''En todos los casos, excepto para cobro de dinero, podrá exigirse el cumplimiento de la sentencia o llevar a cabo su ejecución, después de un término de cinco años, a contar desde la fecha en que hubiere sido registrada mediante autorización de la corte a instancia de parte, o sentencia dada al efecto, en procedimientos adicionales.''

Ese precepto de ley se dictó para ser aplicado a las sentencias pronunciadas por las cortes de justicia y no por una

comisión aunque se reconozca que dicha comisión constituye un cuerpo cuasi judicial, y en todo caso no se trata estrictamente de un pleito en cobro de dinero.

Habiendo llegado a las anteriores conclusiones, se hace innecesario estudiar y resolver el segundo de los errores señalados. *Debe declararse el recurso sin lugar y confirmarse la sentencia y la resolución apeladas.*

El Juez Asociado Señor Córdova Dávila no intervino.