WHITE STAR BUS LINE, INC., peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. R. CORDOVÉS ARANA, JUEZ, demandada.

Núm. 370.—*Sometido:* Abril 6, 1942. *Resuelto:* Abril 29, 1942.

*F. Fernández Cuyar,* abogado de la peticionaria; *José L. Novas y V. Brunet,* abogados de la interventora, peticionaria ante la Comisión Industrial.

EL JUEZ ASOCIADO SEÑOR TODD, JR. emitió la opinión del tribunal.

La única cuestión envuelta en este caso es si la Corte de Distrito de San Juan tiene jurisdicción para conocer de un recurso de revisión interpuesto contra resolución dictada por la Comisión Industrial, en un procedimiento *iniciado* ante

dicho organismo bajo la Ley núm. 85 de 1928 (pág. 631), que concedía a las cortes de distrito jurisdicción para dicha revisión, pero resuelto dicho procedimiento cuando ya estaba en vigor la Ley núm. 45 de 1935 ((1) pág. 251), que dispone que tal recurso de revisión deberá tramitarse ante la Corte Suprema de Puerto Rico. La Corte de Distrito de San Juan se declaró sin jurisdicción para conocer del recurso y la peticionaria solicita se dicte un auto de *mandamus* ordenándole asuma jurisdicción en el caso.

 La peticionaria funda su alegación de que la Corte de Distrito de San Juan tiene jurisdicción, en el artículo 34 de la Ley Núm. 45 de 1935 que contiene la siguiente cláusula de reserva (saving clause):

"Artículo 34.—Las disposiciones de esta Ley no afectarán en forma alguna los litigios o reclamaciones pendientes en relación con las indemnizaciones a obreros a virtud de leyes anteriores. Tales litigios o reclamaciones se tramitarán, hasta su terminación, de acuerdo con las leyes vigentes a la fecha de la ocurrencia del accidente y el obrero tendrá derecho a la cantidad de dinero que por tales leyes se prescriben."

La regla general es que un estatuto de carácter procesal tiene efecto retroactivo a menos que aparezca que la legislatura intentó que operara sólo prospectivamente, *Zayas Pizarro* v. *Molina,* 50 D.P.R. 647 y casos en él citados, y de ahí que en el caso de autos el problema se reduce a determinar el alcance de la citada cláusula de reserva.

La cuestión planteada no es nueva en esta jurisdicción, pues en el caso de *Texas Co.* v. *Sancho Bonet,* 52 D.P.R. 658 interpretamos el artículo 34, supra, en la forma siguiente:

"A primera vista no carece de fuerza la contención de la apelante pero si se fija la atención en lo que últimamente dispone el artículo a saber 'y el obrero tendrá derecho a la cantidad de dinero que por tales leyes se prescriben,' se verá que el propósito de la ley no fué otro, como sostiene la parte apelada, que el de salvaguardar los derechos de los obreros en cuanto a la indemnización se refiere y no el de ir en contra de la bien sentada regla de que las leyes de procedimiento se aplican inmediatamente.

" 'Es un principio de derecho español, reconocido por la jurisprudencia de los más altos tribunales de la Unión,' dijo esta corte en *American Railroad Co. of P. R.* v. *Hernández,* 8 D.P.R. 516, 520, 'que las leyes que regulan la jurisdicción y el procedimiento son de interés público, y tienen efecto retroactivo, o más bien, que no se las considera de carácter retroactivo, en tal sentido, que estén comprendidas dentro de las disposiciones del artículo 3 del Código Civil.'

"Y como se dice en 59 Corpus Juris 1173, resumiendo la jurisprudencia, ' . . . La regla general de que los estatutos sólo se interpretarán prospectivamente (prospectively) y no retrospectiva o retroactivamente, de ordinario no es aplicable a estatutos que afectan el remedio o procedimiento, o, conforme se dice de otro modo, esa regla general está sujeta a una excepción cuando se trata de un estatuto relativo al remedio o procedimiento.' "

Una cláusula de reserva similar contenida en el artículo 48 de la Ley núm. 85 de 1928, también fué interpretada por esta corte en la misma forma en el caso de *Pagán* v. *Comisión,* 45 D.P.R. 320 en el que se dijo que: " . . . esta cláusula no milita contra un cambio en el procedimiento a seguir. Meramente deja en vigor el derecho de una persona a obtener compensación o daños y perjuicios según sea el caso."

Por regla general, además, estas cláusulas de reserva (saving clauses) deben ser interpretadas en forma restrictiva. En 59 C. J. 1193 se dice al efecto lo siguiente:

"Una disposición corriente es que la derogación de un estatuto no afectará acciones o pleitos comenzados o procedimientos pendientes bajo el mismo a la fecha de la derogación. Bajo tales cláusulas de reserva la derogación de un estatuto mientras una acción o procedimiento legal comenzado bajo el mismo está pendiente no anula dicha acción o procedimiento. Los derechos de las partes son conservados; el caso será resuelto de acuerdo con la ley anterior; los procedimientos que ya se han realizado no son afectados y la forma de la acción tampoco cambiará, pero los procedimientos futuros, hasta donde sea posible, deberán continuarse de conformidad con lo prescrito en la nueva ley."

En el caso de *Demarse* v. *Bruckman,* 298 N.Y.S. 736 se interpretó una cláusula de reserva que decía así:

"A menos que se provea especialmente otra cosa por ley, todas las acciones y procedimientos, civiles o criminales, comenzados bajo o a virtud de cualquier disposición de un estatuto así derogado, y pendiente inmediatamente antes de estar en vigor dicha derogación, podrán seguirse y defenderse hasta el final en la misma forma como si dichas disposiciones no hubieran sido derogadas."

Los términos en que está redactada esta cláusula parecerían indicar que se refiere tanto a los procedimientos como a los derechos sustantivos de las partes, pero la Corte Suprema de Wayne County resolvió que dicha cláusula:

"Se refiere a acciones o procedimientos que envuelvan derechos creados por una ley de naturaleza sustantiva. . . La derogación a que se refiere es de estatutos de los cuales emanan los derechos envueltos en las acciones o procedimientos pendientes y la sección no tiene aplicación a meros cambios en los procedimientos. (Citas)." Página 739.

La interpretación que dimos a la sección 34 en el caso de *Texas Co.* v. *Sancho Bonet,* supra, debe ser ratificada porque tiende además a simplificar y a establecer la uniformidad en los procedimientos para revisar las decisiones de la Comisión Industrial de Puerto Rico. No sería justo ni equitativo que por el hecho de que dicho organismo no haya podido resolver todos los casos que tiene pendientes y los cuales se iniciaron bajo las disposiciones de las distintas leyes que sobre compensaciones por accidentes del trabajo hemos tenido en Puerto Rico, unos casos, al ser llevados a los tribunales para revisar las decisiones de la comisión, lo sean para ante las cortes de distrito, y otros, para ante esta Corte Suprema, pues la revisión ante las cortes de distrito, al amparo de las leyes anteriores a la de 1935, no estaba limitada a los errores de derecho cometidos por la comisión, sino que dichas cortes estaban autorizadas a revisar los hechos del caso, *White Star Bus Line* v. *Corte,* 41 D.P.R. 526 y 817; mientras que, bajo la nueva ley, la revisión ante la Corte Suprema está limitada a las cuestiones de derecho o apre-

ciación de prueba pericial, únicamente, artículo 11, Ley 121 de 1940 (pág. 729).

Cualquier duda que pudiera haber en la interpretación de esta cláusula de reserva debe ceder ante la política pública expresada por la legislatura estableciendo un nuevo procedimiento de revisión el cual debe aplicarse a todos los casos.

*Debe declararse sin lugar la petición y anularse el auto expedido.*