MIGUEL A. CARRERAS, peticionario y apelante, *v.* COMISIÓN DE LA POLICÍA INSULAR y REXFORD G. TUGWELL, GOBERNADOR DE PUERTO RICO, demandados y apelados.

Núm. 8532.—*Sometido:* Mayo 26, 1942. *Resuelto:* Junio 10, 1942.

R. *Cuevas Zequeira,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *G. Benítez Gautier, Procurador Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

A virtud de la recomendación que al Gobernador de Puerto Rico hiciera la Comisión de la Policía Insular de acuerdo con lo prescrito en la sección 27 de la Ley disponiendo la' Organización, Reglamentación y Gobierno de la Policía Insular de Puerto Rico, aprobada el 12 de marzo de 1908, según fué enmendada dicha sección por la Ley núm. 46, aprobada el 15 de julio de 1925 (Leyes de ese año, pág. 263, 269), el Gobernador, repetimos, destituyó al peticionario del cargo de Oficial Cooperador de la Policía Insular. Antes de seguir adelante y para la mejor inteligencia del procedimiento instado para la destitución del peticionario, parece conveniente exponer aquí la parte de la sección 27, supra, que regula dicho procedimiento. Dice así:

"Los cargos que se hicieren contra cualquier oficial de la Policía Insular se formularán ante la Comisión de la misma, la que los oirá con audiencia de los interesados, practicando a la vez la correspon-

diente investigación del caso. Si los cargos resultasen probados, los remitirá al Gobernador de Puerto Rico con una exposición de los hechos, haciendo las recomendaciones que juzgare oportunas y en caso contrario dispondrá el archivo de los mismos. *Disponiéndose,* que si el Gobernador de Puerto Rico encontrare que tales hechos han sido debidamente probados, y que los mismos constituyen motivo suficiente para ello, *impondrá la pena que estimare justa al oficial de que se trate.''* (Bastardillas nuestras.)

Para revisar la resolución del Gobernador y de la Comisión de la Policía Insular, el apelante radicó la petición de *certiorari* de este caso en la corte inferior, la que la denegó de plano por entender que en esta jurisdicción no existe estatuto alguno que autorice la expedición de un auto de certiorari para revisar las actuaciones del Gobernador de Puerto Rico ni de la Comisión de la Policía Insular, invocando los casos de *Texas·Company* v. *Comisión,* 40 D.P.R. 477, y *Quintana Racing Park, Inc.* v. *Comisión Hípica,* 44 D.P.R. 864.

Admite el apelante que no existe ningún estatuto especial a ese efecto, pero sostiene que tratándose de que la Comisión y el Gobernador, dentro del procedimiento indicado, ejercen facultades cuasijudiciales, sus resoluciones son revisables de acuerdo con la ley general para autorizar autos de certiorari, artículos 670 a 674 del Código de Enjuiciamiento Civil (ed. 1933).

En la Ley Común el auto de certiorari procedía para revisar no sólo resoluciones de cortes inferiores si que también las de juntas o funcionarios públicos dictadas en el ejercicio de facultades cuasijudiciales. Corriendo el tiempo, la materia ha sido regulada por estatutos en casi todas las jurisdicciones de Estados Unidos y si bien en muchas de ellas se ha mantenido en toda su extensión la regla de la Ley Común, en otras, entre las cuales se halla Puerto Rico, el radio de acción de este recurso extraordinario ha sido limitado de tal forma que sólo procede contra una corte inferior. A ese efecto prescribe el artículo 670 del Código de Enjuiciamiento Civil (ed. 1933): ''El auto de ,*certiorari* es un auto

expedido por un tribunal superior a otro inferior, por el cual se exige del último la remisión al primero . . . '' Conviene observar que en la edición inglesa se usa la palabra *"court"*, cuyo significado es más restringido que el del vocablo "tribunal" usado en la edición española.

Reconociendo este tribunal la limitación del remedio a la revisión de resoluciones de cortes inferiores exclusivamente, sostuvo en los dos casos citados por la corte *a quo* la improcedencia de dicho recurso para revisar resoluciones de juntas o agencias gubernativas. Como se dijo en *Quintana Racing Park, Inc.* v. *Comisión Hípica,* supra, ''cuando la Legislatura ha querido que las resoluciones de comisiones o juntas sean revisables por las cortes mediante auto de *certiorari* lo ha dicho expresamente.'' Tratando de distinguir el caso de autos del últimamente citado, arguye el apelante que en aquel caso la resolución en controversia no tenía carácter cuasijudicial, y así es en efecto; pero no es menos cierto que lo que motivó el caso de *Texas Company* v. *Comisión,* supra, sí tenía tal carácter, y a pesar de ello se declaró la improcedencia del certiorari por las razones aducidas.

Asumiendo que por las razones expuestas no fuese improcedente la expedición del auto de certiorari, lo sería en este caso dada la naturaleza de la cuestión suscitada por el apelante, ya que su contención se reduce primordialmente a alegar que la prueba que tuvieron ante sí la Comisión y el Gobernador era insuficiente para sostener la resolución por la que se le destituyó, puesto que bajo ninguna circunstancia una corte, mediante certiorari, puede revisar la declaración de hechos probados (*findings of fact*) que hiciere un tribunal inferior ni puede tampoco pesar la evidencia que hubiere tenido ante sí ese tribunal, a base de la cual dictó su decisión. *Thayer Amusement Corp.* v. *Moulton* (R. I. 1939), 124 A.L.R. 236, 245; *Pierce* v. *Green* (*Iowa,* 1940), 131 A.L.R. 335, 356.

El hecho de que la corte inferior carezca de jurisdicción para expedir el auto de certiorari no implica necesariamente,

como arguye el apelante, que en su caso exista un mal sin un remedio. Sin duda que el remedio existe si es que el mal también existe, pero ese remedio no es el de certiorari.

*Procede por lo expuesto desestimar el recurso y confirmar la resolución apelada.*